PADUCAH & E. R. CO. *v.* CHARLES GLASSCOCK, ET AL.

**Bill of Lading for Stock Shipped.**

Where a railroad company gives a through bill of lading to Louisville to a shipper of live stock and does not operate a line of railroad to such destination, and by reason of delay in sending the stock forward on a line connecting its terminus with the point of destination the stock is damaged, the shipper may recover from the road issuing such bill.

APPEAL FROM HARDIN CIRCUIT COURT.

January 20, 1880.

Opinion by Judge Cofer:

The appellant gave a through bill of lading to Louisville, and is responsible for any delay at Elizabethtown occasioned by the failure or refusal of the Louisville & Nashville R. Co. to send the cattle forward without any unnecessary delay. It was appellant's business to see to it that the stock went forward within a reasonable time, and it cannot excuse itself by showing that the Louisville & Nashville R. Co. had changed the time of the arrival of one of its trains, any more than if the train had been under the control of appellant, and the time had been so changed that the delay had been occasioned by its own act,—for, having contracted to deliver the stock in Louisville, if it procured another company to perform a part of its obligation under the contract it became responsible for the default of the company so employed.

No one would question the liability of the appellant for the injury resulting to the cattle if it had owned and controlled the trains on the Nashville road, or had owned and operated a road to Louisville, and in consequence of the ignorance of its agents as to the time when trains would run through, the stock had been detained for so long a time on the road and had in consequence been damaged. That is substantially this case. Counsel seem to treat the contract as if the appellant had merely undertaken to forward the stock to the terminus of its own road and there to deliver it to the connecting lines to be forwarded for the shipper. But as already remarked such was not the contract.

On the contrary the appellant undertook for itself to deliver the stock at its destination. The evidence showed without contradiction that the delay was occasioned by the change in the time of the running of a train on the Nashville road, and the court might well have decided as matter of law that the appellant was guilty of negligence in not knowing when the stock could be forwarded, and the instructions were therefore more favorable to it than the law entitled it to. If the contract had been merely to carry to Elizabethtown and there deliver to the Louisville & Nashville R. Co., the question would have been wholly a different one, and there might be some room to doubt the correctness of the instructions.

In the view we have taken of the law of the case, the only ques-

tions that could possibly have been proper for the consideration of the jury were, (1) was the delay unreasonable under the circumstances; (2) were the cattle injured by the delay; and (3) what was the amount of the injury sustained? These questions were fairly presented by the instructions and the finding was authorized by the evidence.

There was no demurrer to the petition, and it seems to us to be sufficient, especially after verdict, and there was no error in overruling the motion in arrest of judgment. Judgment *affirmed.*

*Lyttleton Cooke, William Wilson, for appellant.*
*James Montgomery, for appellees.*